**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**ROGER ALLEN HALL,**

      Petitioner,

v.                                                       **Civil No. 2:05-cv-54
Crim No. 2:02-cr-12
(Judge Maxwell)**

**UNITED STATES OF AMERICA,**

      Respondent.

### **OPINION/REPORT AND RECOMMENDATION**

On July 11, 2005, the *pro se* petitioner, Roger Allen Hall, filed a Motion for Re-Sentencing Pursuant to Title 18 U.S.C. § 3582. However, upon receipt of the motion, the Clerk improperly construed petitioners' motion as a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. See Castro v. United States, 540 U.S. 375 (2003); United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir. 2002).[1] Accordingly, on April 13, 2006, I issued a Notification to Petitioner of Right to Consent to Proceed Under 28 U.S.C. § 2255 or to Proceed as Filed. See Doc. 50. Attached to that notice was an election form to be completed by the petitioner. On April 21, 2006, petitioner filed the completed form advising the Court that he wished to proceed as filed.

Accordingly, it is the recommendation of the undersigned that the civil case opened on July 11, 2005, pursuant to the Clerk's construction of this case as one under § 2255 be

---

[1] Pursuant to Castro and Emmanuel, prior to recharacterizing a defendant's motion as one under § 2255, a district court is required to give the defendant notice of its intent to recharacterize the motion, warn him that the effect of the recharacterization is that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, advise him of the one-year statute of limitations and the four dates in §2255 which begin the statute of limitations and provide him with an opportunity to withdraw or amend the motion.

DISMISSED. Additionally, it is recommended that the Clerk be directed to terminate the § 2255 motion docketed in petitioners' criminal case and re-file the motion as a motion for re-sentencing.

## **Motion for Re-Sentencing**

In his motion for re-sentencing, petitioner asserts that he should be re-sentenced in light of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). However, the Court is only allowed to modify a sentence in limited circumstances. Specifically, 18 U.S.C. § 3582(c)(2) provides:

> **(c) Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that--
>
> **(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a)[2] to the extent that they are applicable, if such a

---

[2] 18 U.S.C. § 3553(a) states that the court shall consider:
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed--
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for--
(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced; or

reduction is consistent with applicable policy statements issued by
the Sentencing Commission.

Here, the Court is precluded from modifying the defendant's sentence under 18 U.S.C. § 3582(c)(2) because there has been no amendment to the sentencing guidelines which would justify a sentence reduction. The <u>Booker</u> decision was not a decision from the Sentencing Commission, but a decision from the Supreme Court. In addition, <u>Booker</u> does not apply retroactively. See <u>United States v. Morris</u>, 429 F.3d 65 (2005). Thus, the defendant is not entitled to have <u>Booker</u> applied retroactively to his sentence.

Accordingly, for the foregoing reasons, the undersigned recommends that the Court deny the defendant's motion for re-sentencing.

## **Recommendation**

For the foregoing reasons, the undersigned recommends:

- Civil case number 2:05-cv-54, opened on July 11, 2005, be DISMISSED.
- The Clerk be directed to TERMINATE the § 2255 motion docketed in petitioners' criminal case number 2:02-cr-12 and further be directed to re-file the motion as a motion for re-sentencing under 18 U.S.C. § 3582.
- Petitioner's Motion for Re-Sentencing under 18 U.S.C. § 3582 be DENIED.

Any party may file within ten (10) days after being served with a copy of this opinion

---

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code;
(5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of Court is directed to mail a copy of this Recommendation to the *pro se* petitioner and any counsel of record.

DATED: April 27, 2006.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE